IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAM L. LEVINE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. _____ |
| XCENTRIC VENTURES, LLC, | § § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff Sam Levine states the following for his complaint against Defendant Xcentric Ventures, LLC:

### Introduction

1. This is a case seeking damages and injunctive relief against the defendant, which operates a website called "*RipoffReport.com.*" Through its website, the defendant has created and developed, published or republished, defamatory and false information about the plaintiff, causing him substantial harm, including tortuously interfering with his contractual and business relations as alleged below. Further, the defendant has and continues to engage in deceptive trade practices through various extortionistic attempts to encourage the plaintiff to spend thousands of dollars on an internal, sham "arbitration" to purportedly remove defamatory posts on its website when neither the donation nor "arbitration" is necessary to remove the posts. Despite informal attempts to

resolve this dispute, Plaintiff has no ability to obtain the remedy he seeks other than through this Court.

## Parties

2. **Plaintiff Sam Levine** is an individual residing in this judicial district in Atlanta, Georgia.

3. Defendant Xcentric Ventures, LLC, is an Arizona limited liability Company and Xcentric Ventures, LLC, can be served on its registered agent: Dickinson Wright PLLC, 1850 N. Central Ave, Ste. 1400, Phoenix, Arizona 85004.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction based on diversity of the parties under 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. This Court further has personal jurisdiction over the defendant because the defendant engaged in conduct subjecting itself to the jurisdiction of this Court, based on but not limited to the following actions, in which the defendant:

   (a) solicited and continues to solicit business from Plaintiff and others in Georgia and in this judicial district through its website;

   (b) solicited donations from Plaintiff in connection with the substance of his complaint in this action; and

   (c) published and continues to publish defamatory information about

Plaintiff causing him harm in this judicial district.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. For years, Xcentric Ventures, LLC (hereafter "Xcentric" or "Ripoff Report") has operated a website at "RipOffReport.com." Xcentric actively encourages and solicits visitors to its website to post complaints or other negative information about businesses, professionals and individuals, and then Xcentric just happens to offer for sale to targets of those complaints certain remedial or preventative services to allegedly restore their damaged reputation.

8. Ripoff Report also solicits and offers to victims of false attacks on its website a "VIP arbitration process," which purports to provide an "arbitration" costing at least $2,000.00, administered by and paid to Xcentric, with no guarantee that the defamatory, false or tortious post will be removed even if the victim of a false report prevails in the so-called arbitration. Indeed, Ripoff Report has an express policy of not removing any post or report. The "arbitration" is thus a sham, at best.

9. In or around late 2012, a person unknown and unbeknownst to Plaintiff Sam Levine at the time, Steven Mark Olschwanger, spammed Plaintiff in an attempt to induce him to purchase a website search engine optimization service, which Plaintiff paid $50 for and later subsequently discovered that Mr. Olschwanger was a convicted felon whereupon Plaintiff put the charge in dispute with his credit card company and

in response, Mr. Olschwanger posted untrue and defamatory information about Plaintiff on January 9, 2012 on the Ripoff Report website falsely accusing Plaintiff of breach of contract and discouraging people from doing business with him. (see *Exhibits "A & B"*).

10. This post falsely alleged that Plaintiff "did not have respect for the law" and "did not have respect for contracts that he signed." (*Exhibit "A"*).

11. The false and defamatory posting has significantly and substantially interfered with Plaintiff's contractual and business relations during and following Plaintiff's divorce at a time when it has caused the most harm and is preventing Plaintiff from rehabilitating his law practice. (please take judicial notice).

12. Shortly following this defamatory posting, Plaintiff contacted the editor of Ripoff Report and Xcentric's co-owner, Ed Magedson, objecting to the defamatory and false nature of the post and requested that it be removed.

13. Magedson and Levine traded several emails over the next few weeks about the posts, but Magedson refused to remove the post.

14. On information and belief, Xcentric has a team of employees or agents who review and investigate certain posts on RipOff Report, as well as edit, develop and create the posts' content, titles and headings. Thus, RipOff Report is not just a passive website that simply does nothing more than allow anonymous posters to complain about individuals and businesses. Rather, Xcentric indisputably takes an active role in creating and developing the content itself and essentially owns,

publishes or republishes various posts, as it did in this case. Indeed, Xcentric states on its RipOff Report website that it *never* removes a post, even if a third-party author asks to remove it, and further leads visitors to believe that the posts are the property of RipOff Report.

15. Levine provided Magedson and Xcentric proof that he was spammed, that the spammer was a convicted felon and that the published and defamatory allegations against him were false, all of which were ignored by Magedson.

16. To date, Xcentric and its owner, agent or employee Magedson have developed and created and maintained false and defamatory information about Levine

17. Levine pleaded with Magedson and Xcentric to remove the false and defamatory accusations but they refused to remove the posts that they had created and developed.

18. As stated above, Plaintiff contacted both Magedson of RipOff Report to have them remove the defamatory content and was advised to pursue the "arbitration" that Xcentric offers to victims of these malicious and false postings. Of course this expensive, unnecessary kangaroo court guarantees no relief even for prevailing parties, since RipOff Report claims to have an express and incredible policy of *never* removing a post.

19. During Plaintiff's attempts to get Xcentric to voluntarily remove the

defamatory posting, Plaintiff was advised that that RipOff Report has a policy of redacting of not removing defamatory posts.

20. Levine's claims regarding the posts in this action are based on and directed toward Xcentric and Magedson's own creation and development of the unlawful posts rather than toward the third party who purportedly initiated the posts.

21. Plaintiff has been forced to expend time and effort away from his work to take steps to remove the defamatory content on RipOff Report.

22. Levine and his law practice continue to be harmed by the false and malicious statements and accusations against him – statements and accusations which Xcentric and its agents investigated, created and developed in whole or in part, despite having the true facts to the contrary, and continue to publish and republish. Levine is therefore left with no recourse but to seek legal and equitable relief in this case through the claims set forth below.

## Claims for relief
### *First claim – Libel*

1. Defendant Xcentric, through its agents and its website RipOffReport.com created and developed and then published false statements about Levine, accusing him of have unethical business practices and not abiding by contracts he signs, thereby causing him substantial damages, including but not limited to emotional distress, injury to his professional standing as a solo lawyer, and economic damages yet to be determined.

2. Xcentric's conduct toward Levine has been not only negligent, but also grossly negligent, reckless, intentional or malicious, thereby entitling him to punitive or exemplary damages.

3. Further, the nature of the defamation by Xcentric toward Levine constitutes libel per se for which his damages may be presumed, including as to the tortious interference with Plaintiff's contractual and business relations.

*Second claim –*
*Negligence*

1. Defendant Xcentric owed Levine a duty of care to ensure that the information it published on its RipOff Report website was not false or defamatory, particularly after it undertook to investigate, create and develop on its own part the false and libelous statements about Levine on its website.

2. Despite its duty of care, Xcentric breached that duty toward Levine when it published libelous information about him that Xcentric knew or should have known would and did cause harm to Levine, especially after numerous objections from Levine pointing out to Xcentric the falsity of its statements about Levine and the consequent harm to him.

3. As a direct and proximate result of Xcentric's negligence, Levine has been harmed. Further, because Xcentric's acts and omissions have been not only negligent, but also grossly negligent, reckless, intentional or malicious, such conduct by Xcentric entitles Levine to punitive or exemplary damages.

### *Third claim – Invasion of privacy*

1. Based on the conduct described above, Defendant Xcentric appropriated Levine's name for value associated with it.

2. Xcentric received some value or benefit from appropriating Levine's name, because Xcentric published and republished postings about Levine despite his objection and proof that the information concerning him was false. Indeed, soliciting negative complaints about businesses or individuals is the very essence of Xcentric's commercial activities at RipOff Report, in addition to its then subsequently soliciting protection money from victims of such complaints to allegedly restore their damaged reputation.

3. As a direct and proximate result of the conduct above and appropriation of his name, Levine has been damaged and suffered substantial injury.

### *Third claim – Violation of the Uniform Deceptive and Abusive Practices Act (UDAAP), the Georgia Fair Business Practices Act and the Georgia Unfair or Deceptive Practices Act*

1. Plaintiff Levine brings this claim under UDAAP (Unfair Deceptive and Abusive Practices Act), the Georgia Unfair Practices Act pursuant to O.C.G.A. 10-1-390 and under the Georgia Unfair and Deceptive Trade Practices Act pursuant to O.C.G.A. 10-1-372.

2. Levine is a "consumer" under both statutes, in that he sought services from Defendant Xcentric to remove or remediate the false and defamatory posts, irrespective of their authorship, on its RipOff Report website.

3. Xcentric is a "person" under both statutes and is liable for violating both.

4. After Levine contacted Xcentric seeking to have the false and defamatory statements about him removed, and in connection with his seeking services to remove the posts from RipOff Report, Xcentric engaged in a course of conduct that violated UDAAP, the Georgia Unfair Practices Act & the Georgia Deceptive Practices Act, including but not limited to one or more of the following respects:

    (a) Attempting to induce and encouraging Levine to pursue "arbitration" administered by Xcentric, at an outrageous cost, with no choice in selecting arbitrators, no apparent procedures for any discovery, and a demand for a complete release for Xcentric, regardless of its responsibility or involvement in defamatory posts on its website; further, even if Levine prevailed in the "arbitration," there is no guarantee that the defamatory postings would be removed;

    (b) Encouraging Levine to pursue a bogus and costly "arbitration" process when, by its own admission, such "arbitration" apparently was not necessary to obtain relief; however, when Xcentric advised that defamatory postings could be removed if the content is also the subject of harassment complaints reported to law enforcement authorities.

5. The conduct described above by Xcentric violates UDAAP, the Georgia Unfair Business Practices Act and the Georgia Unfair or Deceptive Practices Act in one or more of the following respects:

    (a) Xcentric engaged in an unconscionable action or course of conduct with respect to its dealings with Levine and his attempts to seek removal of the defamatory posts, in violation of the Georgia Unfair

9

and Deceptive Business Practices Act;

      (b) Xcentric encouraged Levine to participate in its outrageously costly "arbitration" process to obtain removal of the defamatory posts; but such "arbitration" did not guarantee removal of the posts, nor was it even necessary to participate in any "arbitration" to have such posts removed according to Xcentric's secret "policy". Xcentric continues to refuse to remove the posts. The conduct by Xcentric described above violates UDAAP and the Georgia Unfair or Deceptive Practices Act.

6. Xcentric knowingly and intentionally engaged in the acts and omissions described above in its course of conduct toward Levine.

7. As a direct and proximate result of Xcentric's acts and omissions, Levine has suffered damages, including but not limited to economic damages, lost time incurred in trying to remove the defamatory posts, and mental anguish or emotional distress.

### Conditions precedent have been satisfied

1. Levine has complied with any and all conditions precedent to bringing this action against Xcentric, including providing any necessary notices, or in the alternative such conditions would be futile or waived by Xcentric's conduct described above.

### Request for Temporary Injunction

1. Plaintiff Levine will continue to suffer substantial harm, financial and otherwise, if Defendant is not enjoined in the interim from continuing to post this false and defamatory material on the internet.

2. Plaintiff will suffer irreparable harm is this posting is not removed.

3. The removal of this posting is Plaintiff's only remedy as he does not have any adequate remedy at law.

4. There is a substantial likelihood that Levine will prevail on the merits because the facts as alleged should not be disputed and are supported by several of Xcentric's own emails and website information, and Xcentric's conduct toward Levine as a matter of equity warrant an injunction. At minimum, Levine has alleged facts establishing defamation or libel *per se*, for which his harm in presumed. O.C.G.A. 51-5-1.

Further, Xcentric will not be able to demonstrate any material harm if it were enjoined and ordered to remove the posts that defame Levine in this case.

1. The harm Levine faces by continuing to be subject to the false and libelous publications by Xcentric outweighs any harm that Xcentric might possibly sustain if a preliminary injunction were granted.

2. Issuance of a preliminary injunction would not adversely affect any public interest or public policy because the public would in fact benefit by not having false and misleading information published on the Internet concerning either Levine.

3. Because Levine is indigent, he requests that bond be waived.

4. Levine asks the Court to set his request for preliminary injunction for hearing at the earliest possible time and, after such hearing, issue a preliminary injunction against Xcentric ordering it to remove the defamatory posts against

Levine.

## Request for Permanent Injunction

1. Plaintiff Levine requests that the Court set his request for injunctive relief for a full trial on the issues in this Complaint and, after such trial, issue a permanent injunction against Xcentric ordering it to remove the defamatory posts against Levine.

## Prayer for Relief

1. Based on Defendant Xcentric's conduct described above and the claims stated herein, Plaintiff Levine has been damaged and asks the Court for the following relief:

   (a) All injunctive relief requested in this Complaint;
   (b) All economic or other damages as shown by the evidence;
   (c) Damages for emotional distress and mental anguish;
   (d) Damages for injury to Levine's reputation;
   (e) Damages for lost time spent attempting to remove the defamatory posts Xcentric published or republished;
   (f) Punitive or exemplary damages;
   (g) Statutory or treble damages;
   (h) Interest, both pre- and post-judgment, as allowed by law;
   (i) Attorneys' fees, for this action and any subsequent appeals of this action;
   (j) Expert witness fees;
   (k) Costs of this action; and
   (l) Any other or additional relief permitted by law or equity and which the Court deems just and proper.

Respectfully submitted,

<u>/s/ Sam L. Levine</u>
Georgia Bar No. 448738
**LAW OFFICE OF SAM LEVINE, LLC**

1014 Havenridge Lane, NE
Atlanta, Georgia 30319
(404) 841-7090 – phone
sam@samlevine.com – email